IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT C. JONES, III,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-1034-SLP |
| | ) |
| **JASON HICKS et al.,** | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Before the Court are Plaintiff's applications for leave to proceed in forma pauperis (IFP). Docs. 2, 5.[1] United States District Judge Scott L. Palk referred the IFP motions to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.

**I.    Discussion.**

The filing fee in civil cases is $405.00.[2] A court has discretion under 28 U.S.C. § 1915(a) in deciding whether to grant a civil litigant permission to proceed IFP. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (reviewing

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2]    The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

a district court order denying an in forma pauperis application for an abuse of discretion). "Section 1915(a) applies to all persons applying for [in forma pauperis] status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the Court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (internal citations omitted).

Turning to the first factor, Plaintiff, proceeding pro se, complains state and tribal officials violated his federal constitutional rights during "a proceeding in court." Doc. 1, at 4-5. He states the amount in controversy is $50,000.00 but otherwise does not describe the relief he seeks. *Id.* at 5. The Court finds Plaintiff's action to likely be frivolous.

As to the second factor, Plaintiff is not a prisoner. So the undersigned does not find that the special concerns attendant to prisoner cases apply.

For the final factor, Plaintiff states in his revised IFP application that he is not employed, has no assets, and has a zero balance in a savings or checking account. Doc. 5, at 1-2. He lists no monthly expenses or financial obligations and states he has two dependents. *Id.* at 2. He attaches to his application his resumé, excerpts from a 2023 state misdemeanor case and a 2024 state felony case, a list of transactions made on a "Cash App" card in March 2024, SNAP benefits statements from various years, and a claim form he filed with the City of Oklahoma City. *Id.* Att. 1.[3] These vague documents do not provide the Court with enough information to show Plaintiff is unable to pay the filing fee.

## II. Recommendations.

The undersigned recommends the Court deny Plaintiff's IFP requests. Docs. 2, 5. The undersigned further recommends that the Court dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

The undersigned advises Plaintiff of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any

---

[3] The Court ordered Plaintiff to supplement his application with information about how he pays his monthly bills and how he meets his daily needs such as food, utilities, housing, and transportation. *See* Doc. 4. But, other than attaching the vague documents to his revised motion, Plaintiff did not provide this specific information to the Court.

such objection must be filed with the Clerk of the Court **on or before October 24, 2025**. The Court further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 10th day of October, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE